**Sugianto SOUW, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70071.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Sugianto Souw, San Jose, CA, pro se.

Wendy Benner–Leon, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Sugianto Souw, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The BIA denied Souw's asylum claim as time barred. Souw does not challenge this finding in his opening brief.

Substantial evidence supports the BIA's conclusion that the events that occurred to Souw do not rise to the level of past persecution. *See id.* at 1016–17; *Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). Furthermore, even assuming the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to withholding of removal, Souw has not established a clear probability of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Lastly, the record does not establish that Souw demonstrated a pattern or practice of persecution of ethnic Chinese in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

We decline to consider the CAT claim because Souw failed to raise this claim in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

